

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-81,845-01

### EX PARTE SHANNON DALE DUKES, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 8423 IN THE CRIMINAL DISTRICT COURT FROM JEFFERSON COUNTY

*Per curiam*.

## O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of continuous sexual abuse of a child and sentenced to forty years' imprisonment. The Thirteenth Court of Appeals affirmed his conviction. *Dukes v. State*, No. 13-11-00434-CR (Tex. App. – Corpus Christi - Edinburg, July 26, 2012).

Applicant contends that his trial counsel rendered ineffective assistance because counsel failed to request lesser included offense instructions, failed to object to numerous instances of

extraneous offense/bad act/bad character evidence introduced by the State during the guilt/innocence stage of trial, elicited some very damaging extraneous offense/bad act/bad character evidence from the complainant's mother on cross-examination, failed to object to improper hearsay and opinion testimony from the complainant's mother regarding what her therapist had told her, and failed to argue that the State had opened the door to evidence of the complainant's sexual activities with her boyfriend and that to exclude such evidence violated his right to confront and cross-examine witnesses. Applicant's trial counsel has submitted two affidavits in response to this habeas application. However, those affidavits are inadequate to address Applicant's allegations. Although the trial court has entered extensive findings of fact and conclusions of law, it is unclear whether those findings and conclusions are based on the trial court's personal recollection, or whether they are based on other information not in the habeas record.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall conduct a live habeas hearing, at which trial counsel shall respond in detail to Applicant's claims of ineffective assistance of counsel.

The trial court shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether the performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient

performance prejudiced Applicant.  The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues.  The issues shall be resolved within 90 days of this order.  A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order.  Any extensions of time shall be obtained from this Court.

Filed:  September 24, 2014
Do not publish